COFFMAN, Respondent, *v.* NIECE et al., Appellants.

(No. 8,267.)

(Submitted January 12, 1942. Decided February 7, 1942.)

[121 Pac. (2d) 984.]

*Mr. George W. Farr* and *Mr. Al Hansen,* for Appellants, submitted a brief; *Mr. Hansen* argued the cause orally.

*Mr. D. R. Young,* for Respondent, submitted an original brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The cause has been before this court on a former appeal. (*Coffman* v. *Niece,* 110 Mont. 541, 105 Pac. (2d) 661.) As will appear from the opinion in that case, the action was brought by plaintiff to recover on a promissory note in the sum of $750. Defendants admitted the making of the note but asserted that it was made as part consideration for the purchase of sixty head of cattle, found to be thirty bulls and thirty heifers, and defend upon the ground that it was agreed that the defendants would be furnished certificates of registration for the heifers, and that the certificates of registration were never furnished, and, hence, that the defendants have been damaged in a sum exceeding the amount due on the note. On that appeal we held that the amount of damages awarded to the defendants, being $5 per head, was inadequate and remanded the case for a new trial upon the sole question of the amount of damages sustained by the defendants. On the retrial the court awarded damages in the sum of $525, or $17.50 per head. The defendants have appealed, contending that the award is still inadequate.

In considering the merits of the appeal, there is but one question which we must consider, and that it: Is there any substantial evidence in the record supporting the findings of the trial court? If there be in the record substantial evidence supporting the finding, then it is of no consequence that there may be other evidence presenting a conflict, or which might have warranted a higher award as damages. In other words, if there be substantial evidence supporting the court's conclusion, we will not interfere with its determination. (*Healy* v. *First National Bank of Great Falls,* 108 Mont. 180, 89 Pac. (2d) 555; *Sales* v. *Cowan,* 108 Mont. 202, 89 Pac. (2d) 1043.)

The record presents ample evidence to support the trial court's conclusion. The defendant O. R. Niece himself testified on the first trial, the record of which was admitted on the second trial, that he considered the value of registered heifers to be $35 per head. That is the price he paid for them. Numer-

ous witnesses who testified on behalf of the defendants stated that the value of registered cattle was twice that of the same cattle unregistered. Plaintiff produced numerous witnesses who testified that in February, 1927, at the time the heifers in question were purchased by the defendants, there was no market in eastern Montana for registered heifers as such, and they were being sold for beef and that there was no demand for them for breeding purposes, and that there was in fact but very little, if any difference in value between a registered and an unregistered heifer at that time. One witness testified that a registered heifer would only bring from $5 to $10 more than an unregistered one. Another witness said that the only difference between a registered and an unregistered animal was that the registered animal would be worth five or six per cent. more than an unregistered one at the time in question. Another fixed the difference in value from five to twenty per cent.

Defendants contend, however, that the trial judge omitted to take into consideration the fact that they purchased these heifers for breeding purposes, and failed to take into account the extra expenses in caring for and feeding them on the supposition that they were registered cattle, when in fact they were unregistered. The record discloses that defendants gave extra feed and care to the heifers, believing that registration papers would be forthcoming. Such feed amounted to the sum of $570. Defendants sold the cattle in the fall of 1927, having purchased them in the spring of the same year. They sold for about $50 per head and therefore defendants were compensated, at least in part, for the extra feed and care by the advanced selling price due to the added weight produced by the extra feed and care. Examination of the trial court's opinion discloses that it took these matters into consideration in fixing the damage at the sum of $17.50 per head. The court expressly recites in its opinion: "That the damages suffered by defendants * * *, taking into consideration the uses to which said heifers were intended by defendants and the money expended by them for extra feed and special care was the sum of $17.50 or the total

sum of $525.'' Hence it is clear that the court took into consideration all of the elements of damages properly to be considered.

We find no justification for interfering with the court's determination. The judgment is affirmed.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.